[Not for Publication - Not to be Cited as Precedent]

# United States Court of Appeals
## For the First Circuit

---

No. 00-1443

LATIN AMERICAN MUSIC COMPANY, INC.; ASOCIACION DE COMPOSITORES
Y EDITORES DE MUSICA LATINO AMERICANA (ACEMLA),

Plaintiffs, Appellants,

v.

CARDENAS FERNANDEZ & ASSOC., INC.; DAVID MALDONADO, D/B/A
DAVID MALDONADO ENTERTAINMENT; CFDM THEATRICAL PRODUCTIONS, LLC;
PABLO CABRERA; PROMOTORES LATINOS, INC.; CENTRO DE BELLAS ARTES
CORP.; CORPORACION PARA EL FOMENTO DE LAS ARTES Y LA CULTURA,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Hector M. Laffitte, U.S. District Judge]
[Hon. Juan M. Perez-Gimenez, U.S. District Judge]

---

Before

Boudin, Stahl, and Lynch,
Circuit Judges.

---

Freddie Perez-Gonzalez, with whom Freddie Perez Gonzalez &
Assoc., was on brief for appellants.
Francisco A. Berosa, with whom Adsuar Muniz & Goyco, P.S.C.,
was on brief for appellees.

February 23, 2001

**Per Curiam**.  This dispute involves musical compositions performed in the off-Broadway production of the play "Quien Mato a Hector Lavoe?"[1] (the "Play") and subsequently in San Juan. Appellants Latin American Music Co., Inc. and Asociacion de Compositores y Editores de Musica Latino Americana, Inc. claim that they own copyrights in several of the songs used in the Play.  They sought a preliminary injunction or temporary restraining order to prevent any further performances of the Play by appellees, the Play's producers and directors.  The district court denied both the temporary restraining order and the preliminary injunction.

In order to demonstrate entitlement to a preliminary injunction, appellants must show that: (1) they will suffer irreparable injury absent the injunction; (2) the injury will outweigh the harm imposed on any defendant if the injunction is granted; (3) they are likely to succeed on the merits of the case; (4) the injunction does not adversely affect the public interest.  Planned Parenthood League of Mass. v. Bellotti, 641

---

[1]Translated: "Who Killed Hector Lavoe?"

F.2d 1006, 1009 (1st Cir. 1981).[2]  The district court correctly stated this four-factor test, but denied the motion for a preliminary injunction based solely on appellants' failure to meet the irreparable injury factor.

Under the ordinary four-prong test, it would normally be sufficient for the district court to deny the preliminary injunction on the ground that regardless of the likelihood of success, there was no threat of irreparable injury, the injunction was likely to damage the party subject to it, and that the party seeking the injunction could be made completely whole through damages if it prevailed.

However, in copyright cases, "irreparable harm is usually presumed if likelihood of success on [a] copyright claim has been shown."  Concrete Mach. Co. v. Classic Lawn Ornaments, Inc., 843 F.2d 600, 611 (1st Cir. 1988).  This in no way requires a district court to shut down a play on the eve of production where, as here, there may be considerable doubt about the strength of the copyright claims and some doubt about the timeliness of the request for a preliminary injunction.  But in the face of an apparent threat of new productions continuing

_____

[2]Courts have extended the four-factor test to temporary restraining orders.  Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bishop, 839 F. Supp. 68, 70 (D. Me. 1993); Nation Magazine v. Dep't of State, 805 F. Supp. 68, 72 (D.D.C. 1992).

-3-

over a substantial period, it seems to us insufficient under Concrete Mach. Co. simply to say that damages will redress any and all harm.

The copyright claims in this case are complicated, and nothing we say is intended to suggest a view that plaintiff is likely to prevail, although this is likely to be the key issue as to injunctive relief. Further, we do not know what intervening developments have occurred as to play performances (planned or actual) or as to the conduct of litigation since the denial of temporary relief. Under the circumstances, we merely vacate the denial of the preliminary injunction and remand for further proceedings, including appropriate finding, under Fed. R. Civ. P. 52(a)

It is so ordered.